■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLIE MASSAQUOR, Appellant. [626 NYS2d 157] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered September 30, 1993, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him to a term of 2 to 6 years, unanimously affirmed.

Contrary to defendant's argument, he was not automatically entitled to youthful offender treatment simply because he was 16 years old at the time he committed the crime. Rather, youthful offender treatment is within the discretion of the court, upon a determination that the interest of justice would be served by relieving an eligible youth from the onus of a criminal record (CPL 720.20 [1] [a]). The record indicates that defendant was clearly advised, and acknowledged his understanding, at the plea allocution that if he did not comply with the plea conditions, including cooperating with Court Employment personnel and avoiding additional "difficulty", a sentence of imprisonment of up to 6 years would be imposed. As defendant subsequently failed to cooperate with Court Employment personnel, and in fact was rearrested for robbery and related charges pending sentence herein (an arrest not contested by defendant), the court was within its discretion in denying youthful offender status to defendant and imposing the alternatively promised sentence of 2 to 6 years imprisonment *(see, People v Yu,* 204 AD2d 129, *lv denied* 84 NY2d 835). Concur—Murphy, P. J., Ellerin, Rubin, Tom and Mazzarelli, JJ.